**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| Meihua Group International Trading (Hong Kong) Ltd, Langfang Meihua Biotechnology Co., Ltd., Xinjiang Meihua Amino Acid Co., Ltd and Jilin Meihua Amino Acid Co., Ltd.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-03618 |

## COMPLAINT

Plaintiffs Meihua Group International Trading (Hong Kong) Ltd, Langfang Meihua Biotechnology Co., Ltd., Xinjiang Meihua Amino Acid Co., Ltd and Jilin Meihua Amino Acid Co., Ltd. (collectively, "Meihua"), by and through undersigned counsel, hereby allege and state as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Meihua seeks review of the final results of the U.S. Department of Commerce, International Trade Administration ("Department" or "Commerce"), decision in the eleventh administrative review ("AR11") of the antidumping duty ("ADD") order on xanthan gum from the People's Republic of China ("China") covering the period of review ("POR") spanning July 1, 2023 through June 30, 2024, published as *Xanthan Gum From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2023–2024*, 91 Fed. Reg. 43610 (July 16, 2026) ("*Final Results*").

2. The challenged determinations, findings, and conclusions are set out primarily in the

Department's "Issues and Decision Memorandum" ("IDM") (July 8, 2026) accompanying the *Final Results*.

## JURISDICTION

3. This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the *Final Results* issued by the Department in AR11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Meihua is a producer/exporter of xanthan gum from China that was not selected as a mandatory respondent in AR11. Meihua participated in the Department's proceeding that resulted in the challenged determination and is subject to the *Final Results*. Therefore, Meihua is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5. Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews must file the summons within 30 days of the date of publication in the Federal Register of the final results. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the *Final Results* on July 16, 2026.

6. This action was timely commenced within 30 days of the date of publication of the *Final Results*, by the filing of a Summons on August 12, 2026.. This Complaint is timely filed within 30 days of the date of the filing of the summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c) and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7. The Department issued the ADD order on xanthan gum from China on July 19, 2013. *Xanthan Gum from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 78 Fed. Reg. 43,143 (July 19, 2013).

8. On July 31, 2024, Petitioner CP Kelco U.S., Inc. ("Petitioner"), filed its request that Commerce include Meihua as a respondent in AR11, whose POR was from July 1, 2023 through June 30, 2024.

9. On August 14, 2024, the Department initiated AR11 with respect to a number of exporters of xanthan gum from China, including Meihua. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 66,035, 66,047 (Aug. 14, 2024).

10. Fufeng and Deosen Biochemical Ordos Ltd./ Deosen Biochemical Ltd. (collectively, "Mandatory Respondents") were selected as mandatory respondents in AR11 on October 4, 2024 while Meihua was not selected as a mandatory respondent.

11. Mandatory respondents Fufeng and Deosen responded to multiple questionnaires issued by the Department.

12. On March 27, 2025, Petitioner filed a complaint with Customs and Border Protection ("CBP") Trade Remedy Law Enforcement Directorate ("TRLED") branch, under the Enforce and Protect Act ("EAPA"), 19 U.S.C. 1517, alleging that the mandatory respondents had undervalued their imports of subject merchandise, resulting in evasion of the ADD Order on xanthan gum from China ("EAPA Investigation"). Petitioner's undervaluation claim did not allege that the transactions between the exporters and the importers were not bona fide sales.

13. In the AR11 Annual Review, in a determination published January 9, 2026, the Department preliminarily assigned Fufeng an ADD rate of zero percent and preliminarily

assigned an ADD rate of 0% to Deosen. Meihua was also assigned an ADD rate of zero percent based on the rates assigned to Fufeng and Deosen. *Xanthan Gum from the People's Republic of China: Preliminary Results of the Antidumping Duty Administrative Review, Rescission, in Part, and Preliminary Determination of No Shipments; 2023–2024*, 91 Fed. Reg. 959 (Jan. 9, 2026) ("*Preliminary Results*").

14. In its Preliminary Decision Memorandum in the AR11 Annual Review accompanying the *Preliminary Results*, dated January 5, 2026, Commerce determined that "all of Fufeng's and Deosen's sales to be {constructed export price ('CEP') sales, in accordance with section 772(b) of the Act, because the subject merchandise was sold by affiliates of Fufeng and Deosen, respectively, in the United States to unaffiliated U.S. purchasers."

15. In February 2026, in the AR11 Annual Review, Fufeng and Petitioner filed case briefs with Commerce. In its Case Brief, Petitioner did not raise the issue as to whether Fufeng's transactions constituted sales and did not claim that Fufeng had misreported entered value, duty or inventory carrying costs.

16. On February 10, 2026, in the AR11 Annual Review, the Department rejected Fufeng's case brief because it included untimely new factual information. Fufeng resubmitted its case brief with redactions required by the Department on February 13, 2026.

17. In February 2026 various entities submitted rebuttal briefs.

16. On February 26, 2026, in the EAPA investigation, CBP's TRLED Branch issued its decision.

17. On April 9, 2026, in the EAPA investigation, respondents in the EAPA investigation requested that CBP Headquarters reverse TRLED's decision, arguing that the factors upon which TRLED relied were not relevant to CBP's analysis as to whether the

transactions were sales.

18. On April 21, 2026, Commerce placed the public version of TRLED's EAPA decision on the record in the AR11 Annual Review.

19. On May 1, 2026, Fufeng placed the EAPA record on the record in the AR11 Annual Review and Desosen submitted information about the EAPA record on the record in the AR11 annual review.

20. On June 11, 2026, Commerce issued its Post-Preliminary Analysis in the AR11 Annual Review, applying total adverse facts available ("AFA") to Fufeng and Deosen for the period April 4, 2024 through June 30, 2024, at a rate of 154.07 percent. Such rates also resulted in an adjusted rate for Meihua and the other separate rate applications of 35.66%

21. On June 18, 2026, in the AR11 Annual Review, Commerce received Post-Preliminary case briefs from Fufeng, Petitioner, Deosen, Meihua Group International Trading (Hong Kong) Limited, and Inner Mongolia Jianlong Biochemical Co., Ltd.

22. On June 24, 2026, Fufen, Deosen, and Petitioner submitted Post-Preliminary rebuttal case briefs in the AR11 Annual Review.

23. On July 2, 2026, Commerce held a public hearing in the AR11 Annual Review.

24. On July 8, 2026, Commerce placed CBP HQ's decision on the administrative record in the AR11 Annual Review.

25. That same day, July 8, 2026, Commerce signed its AR11 *Final Results*, affirming its post-preliminary decision to rely on total AFA for three months of the POR for the two mandatory respondents, and assigning a rate to Meihua of 35.66 for the POR.

26. Commerce made no finding of a lack of cooperation for Meihua, but rather assigned its rate, in part, based on the purported non-cooperation of unrelated third parties (the mandatory

respondents).

## STATEMENT OF CLAIMS

### COUNT ONE

27. Paragraphs 1 to 26 are adopted, incorporated and re-alleged here by reference.

28. There is no allegations or evidence of non-cooperation on the part of Meihua. The use of AFA in calculating this rate improperly applied AFA to Meihua.

### COUNT TWO

29. Paragraphs 1 to 26 are adopted, incorporated and re-alleged here by reference.

30. The rate for Meihua is based on alleged absence of bona fide sales by the mandatory respondents. Substantial evidence on the record shows that the transactions constituted bona fide sales by mandatory respondents.

31. There is no substantial evidence on the record that the transactions by the mandatory respondents were not bona fide sales.

32. Commerce's decision to rely on CBP's decision that the transactions by mandatory respondents were not bona fide sales is not based on substantial evidence on the record and is contrary to law.

### COUNT THREE

33. Paragraphs 1 to 26 are adopted, incorporated and re-alleged here by reference.

34. Commerce's decision to blindly rely on CBP's finding of evasion without independently analyzing whether the sales were bona fide sales is not supported by substantial evidence on the record and is contrary to law.

### COUNT FOUR

35. Paragraphs 1 to 26 are adopted, incorporated, and re-alleged here by reference.

36. Commerce's decision that TRLED's decision constituted a final determination, notwithstanding the fact that TRLED determination was being appealed to CBP HQ, is not supported by substantial evidence on the record and is contrary to law.

**COUNT FIVE**

37. Paragraphs 1 to 26 are adopted, incorporated, and re-alleged here by reference

38. Commerce's decision that the record lacked evidence as to the entered value of subject merchandise is not supported by substantial evidence on the record and is contrary to law.

**COUNT SIX**

39. Paragraphs 1 to 26 are adopted, incorporated, and re-alleged here by reference.

40. Commerce's decision that mandatory respondents "withheld the actual United States customs value during the POR for those specific product models that entered the customs territory of the United States on or after April 4, 2024, which were later sold during the POR" is not supported by substantial evidence on the record and is contrary to law.

**COUNT SEVEN**

41. Paragraphs 1 to 26 are adopted, incorporated, and re-alleged here by reference.

42. Commerce did not request either mandatory respondent submit revised entered value data during the course of AR11.

43. Commerce did not advise mandatory respondents should have submitted revised entered value data until Commerce published its final IDM.

44. Assuming that the record did not contain evidence as to the entered value of subject xanthan gum as determined by CBP, Commerce's decision to rely on total AFA without advising mandatory respondents of the absence of such evidence in the record and its failure to provide mandatory respondents with the opportunity to cure the defect is not supported by substantial

evidence on the record, is directly contrary to 19 U.S.C. 1677m, and is contrary to law.

**COUNT EIGHT**

45. Paragraphs 1 to 26 are adopted, incorporated, and re-alleged here by reference.

46. Commerce's conclusion that mandatory respondents "significantly impeded the proceedings" because the reported entered value for the subject merchandise was lower than it should have been, resulting in the inaccurate reporting of duty paid and inventory carrying costs is not supported by substantial evidence on the record and is contrary to law.

**COUNT NINE**

47. Paragraphs 1 to 26 are adopted, incorporated, and re-alleged here by reference.

48. In light of the record in AR11, Commerce's decision to rely on total AFA for mandatory respondents sales in the final three months of AR11 is not supported by substantial evidence on the record and is contrary to law.

**PRAYER FOR RELIEF**

WHEREFORE, Meihua requests that this Court:

(a) sustain counts 1 to 9 of the complaint

(b) hold that Commerce's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(c) remand the *Final Results* with instructions to issue a new determination consistent with this Court's decision; and

(d) provide such other and further relief as this Court deems just and proper.

Respectfully submitted,
/s/ David Craven
David Craven

Craven Trade Law LLC

3744 N Ashland
Chicago, IL 60613
(773) 709-8506
David.craven@tradelaw.com

Counsel to Meihua Group International Trading (Hong Kong) Ltd, Langfang Meihua Biotechnology Co., Ltd., Xinjiang Meihua Amino Acid Co., Ltd and Jilin Meihua Amino Acid Co., Ltd.

Dated: 8/13/2026